UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| Quinn Emanuel Urquhart & Sullivan, LLP,<br><br>Petitioner,<br><br>v.<br><br>CLC Industries Limited (formerly known as Spentex Industries Limited) and Spentex Netherlands B.V.,<br><br>Respondents. | Case No. 1:19-cv-01985 (TJK) |

**PETITIONER'S MOTION FOR DEFAULT JUDGMENT
AND CONFIRMATION OF ARBITRATION AWARD**

Pursuant to Federal Rule of Civil Procedure 55(b)(2) and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 21 U.S.T. 2517, *reprinted* in 9 U.S.C. §§ 201-208, Petitioner Quinn Emanuel Urquhart & Sullivan, LLP ("Petitioner") requests that the Court enter a default judgment against CLC Industries Limited (formerly known as Spentex Industries Limited) and Spentex Netherlands B.V. ("Respondents"), and confirm the arbitration award issued on November 30, 2018 in the JAMS arbitration between Petitioner and Respondents, captioned *Quinn Emanuel Urquhart & Sullivan v. CLC Industries Limited et al.*, No. 1410007558 (the "Arbitration"). In support, Petitioner states as follows:

**FACTS**

1. This dispute arises from Respondents' failure to pay Petitioner for legal services rendered on Respondents' behalf under an engagement agreement related to an investment treaty arbitration that Respondent Spentex Netherlands B.V. pursued against the Republic of Uzbekistan ("Uzbekistan") under the investment treaty between the Kingdom of the Netherlands ("Netherlands") and Uzbekistan (the "Treaty Claims"). *See* ECF No. 3-1 at p. 1. Respondents engaged Petitioner pursuant to an engagement agreement to pursue the Treaty Claims against

1

Uzbekistan and agreed to be jointly and severally liable for the legal services pursued on behalf of Spentex Netherlands B.V. ECF No. 3-1, Ex. B (Engagement Agreement). Petitioner fulfilled its obligations under the engagement agreement, but Respondents defaulted on their payment obligations. *See* Petition to Confirm Arbitration Award (ECF No. 3, the "Petition") at ¶ 9. Petitioner thus initiated arbitration in accordance with an arbitration agreement contained in the engagement agreement. *See* Petition ¶¶ 10-11.

2.  The Arbitration was conducted before an arbitral tribunal (the "Tribunal"), duly constituted under the auspices of JAMS and seated in Washington, D.C. On November 30, 2018, the Tribunal issued a final and binding arbitral award (the "Award") in favor of Petitioner and against Respondents. *See* Petition ¶¶ 1, 14. The Award is attached as Exhibit A to the Declaration of David M. Orta in support of Petitioner's Petition to Confirm Arbitration Award. ECF No. 4.

3.  In the Award, the Tribunal found Respondents to be in breach of their obligations under the engagement agreement and ordered Respondents to pay: (a) monetary damages of $12,772,527.53, plus interest at the rate of 7.5 percent per annum from December 27, 2016; and (b) reimbursement of arbitration costs of $478,073.60. Respondents have to date not paid any of the amounts awarded. *See* ECF No. 3-1, Ex. A (Award), p. 25.

4.  On July 2, 2019, less than one year after the Tribunal issued its Award, Petitioner filed its Petition to Confirm Arbitration Award against Respondents, in an effort to obtain payment of the Award. ECF No. 3. When the Petition was filed, the total amount owed by Respondents, including 7.5% interest on the monetary damages since December 27, 2016, was $15,315,278.05. *See* Petition ¶ 15.

5.  Petitioner served the Petition, along with accompanying documents including the declaration of David Orta, on Respondents by mail on July 3, 2019, pursuant to their consent to

service of process by mail.  *See* Petition ¶¶ 21-22.  Respondents also received a copy of these documents by e-mail on July 3, 2019.  *See* ECF No. 12.

6. More than 500 days elapsed since service was effected, and Respondents did not file an answer or other responsive pleading.  After Respondents failed to timely respond to the Petition, Petitioner filed an Affidavit in Support of Default on November 18, 2020.  ECF No. 14.  The Clerk of Court entered a Default against Respondents on December 29, 2020.  ECF No. 15.

7. As explained below and in the Petition, Petitioner is entitled to judgment on the Award.  The Court, therefore, should enter a default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and confirm the Award.  As of the filing date of this Motion, the total amount owed by Respondents to Petitioner under the Award is $ 17,728,341.05.[1]

## ARGUMENT

### I. THIS COURT HAS JURISDICTION TO ENTER JUDGMENT AGAINST RESPONDENTS.

8. This Court has subject matter jurisdiction pursuant to 9 U.S.C. § 203, which provides that the United States District Courts shall have original subject matter jurisdiction over a proceeding governed by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"), which has been implemented by the Federal Arbitration Act, 9 U.S.C. §§ 201-208.  The Award is governed by the New York Convention because the Award was made in the United States, a contracting party to the New York Convention;

---

[1] This amount consists of damages awarded by the Tribunal in the amount of $ 12,772,527.53, plus pre-judgment interest at a rate of 7.5% compounded annually from December 27, 2016 through the date of the filing of this Motion, which amount is $ 4,477,739.92, plus legal fees and costs associated with the Arbitration and awarded by the Tribunal, in the amount of $ 478,073.60.  Pursuant to Section IV.A. of the Award, pre-judgment interest at the rate of 7.5% per annum shall accrue each day on the amount of $ 12,772,527.53 until the date of this Court's judgment.  *See* ECF No. 3-1, Ex. A (Award), p. 25.  The daily interest amount is $ 3,508.53.

Respondents are foreign corporations; and the Award satisfies the requirements of Section 202 of the Federal Arbitration Act. *See* 9 U.S.C. § 202.

9. This Court has personal jurisdiction over Respondents because the Arbitration took place here in the District of Columbia, *see* 9 U.S.C. § 9; Respondents have consented to jurisdiction in this Court for an action to confirm and enforce the Award, *see Non-Dietary Exposure Task Force v. Tagros Chemicals India, Ltd.*, 309 F.R.D. 66, 68 (D.D.C. 2015) ("consent to arbitrate in the District can be construed as consent to suit in the District"); ECF No. 3-1, Ex. B (Engagement Agreement), p. 16 ("The parties further agree that, if arbitration is necessary, each arbitration will . . . [t]ake place in Washington, D.C."); and Petitioner served Respondents by mail in accordance with their agreement, and also by email. *See* Petition ¶¶ 21-22; ECF No. 3-1, Ex. B (Engagement Agreement), p. 17.

## II. PURSUANT TO THE FEDERAL ARBITRATION ACT AND THE NEW YORK CONVENTION, THE ARBITRATION AWARD MUST BE CONFIRMED.

10. The Petition was timely filed in accordance with 9 U.S.C. § 207, which gives any party to the arbitration three years after an arbitral award is rendered to apply for an order confirming the award. Here, Petitioner applied for an order confirming the Award on July 2, 2019, less than one year after the Award was rendered against Respondents on November 30, 2018 and well within the three year period.

11. The Court "shall confirm" an award falling under the New York Convention "unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. § 207; *Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 727 (D.C. Cir. 2012) ("[T]he FAA affords district court little discretion in refusing or deferring enforcement of foreign arbitral awards: the Convention is 'clear' that a court 'may

4

refuse to enforce the award only on the grounds explicitly set forth in Article V of the Convention.'"). Those grounds are limited and include:

> 1. Recognition and enforcement of the award may be refused, at the request of the party against whom it is invoked, only if that party furnishes to the competent authority where the recognition and enforcement is sought, proof that:
>
> (a) The parties to the agreement referred to in article II were, under the law applicable to them, under some incapacity, or the said agreement is not valid under the law to which the parties have subjected it or, failing any indication thereon, under the law of the country where the award was made; or
>
> (b) The party against whom the award is invoked was not given proper notice of the appointment of the arbitrator or of the arbitration proceedings or was otherwise unable to present his case; or
>
> (c) The award deals with a difference not contemplated by or not falling within the terms of the submission to arbitration, or it contains decisions on matters beyond the scope of the submission to arbitration, provided that, if the decisions on matters submitted to arbitration can be separated from those not so submitted, that part of the award which contains decisions on matters submitted to arbitration may be recognize and enforced; or
>
> (d) The composition of the arbitral authority or the arbitral procedure was not in accordance with the agreement of the parties, or, failing such agreement, was not in accordance with the law of the country where the arbitration took place; or
>
> (e) The award has not yet become binding on the parties, or has been set aside or suspended by a competent authority of the country in which, or under the law of which, that award was made.
>
> 2. Recognition and enforcement of an arbitral award may also be refused if the competent authority in the country where recognition and enforcement is sought finds that:
>
> (a) The subject matter of the difference is not capable of settlement by arbitration under the law of that country; or
>
> (b) The recognition or enforcement of the award would be contrary to the public policy of that country.

New York Convention, Art. V(1)-(2).

12.  The Award is in all respects proper, and none of the above grounds for refusal or deferral of recognition and enforcement apply. First, neither party was under any incapacity, and their engagement agreement is valid. Second, Respondents had proper notice of the arbitration proceedings and voluntarily chose not to participate in the proceedings. *See* ECF No. 3-1, Ex. A (Award), pp. 2-3. Third, the Award addresses only those disputes that were submitted to

5

arbitration. Fourth, the arbitral procedure and the composition of the Tribunal was in accordance with the engagement agreement between Petitioner and Respondents. *See* ECF No. 3-1, Ex. A (Award), p. 2. Fifth, the Award is final and binding on the parties. Sixth, the subject matter of the arbitration—breach of payment obligations under a binding agreement—is subject to arbitration under the laws of District of Columbia and of the United States. *See Africard Co. Ltd. v. Republic of Niger*, 210 F. Supp. 3d 119, 127-28 (D.D.C. 2016) ("breach of contract . . . is surely capable of settlement by arbitration in the United States"). Finally, recognition and enforcement of the Award would not be contrary to the public policy of the United States; instead it would promote that public policy as it would assist with the enforcement of a valid, binding agreement. *See Sterling Merchant Fin. Ltd. v. Republic of Cabo Verde*, 261 F. Supp. 3d 48, 53 (D.D.C. 2017) (confirming the arbitration award ordering the respondent to pay a consulting firm for its management services).

13. Because none of the grounds for refusing to enforce the Award apply here, the Court should confirm it. "The party resisting confirmation 'bears the heavy burden of establishing that one of the grounds for denying confirmation in Article V applies.'" *Sterling Merchant*, 261 F. Supp. 3d at 53 (citation omitted). Here, Respondents have failed to mount any opposition whatsoever and have thus failed to meet their burden. Accordingly, Petitioner is entitled to confirmation of the Award.

## III. DEFAULT JUDGMENT AGAINST RESPONDENTS IS PROPER BECAUSE THE CLERK HAS ENTERED A DEFAULT.

14. The Court may enter a default judgement against a respondent upon the entry of a default by the Clerk. *See* Fed. R. Civ. P. 55(b)(2). Failure to appear and respond to a petition to confirm an arbitral award is sufficient ground for the entry of a default and, subsequently, a default judgment. *See, e.g.*, *Swiss Inst. of Bioinformatics v. Global Initiative on Sharing All Influenza*

arbitration. Fourth, the arbitral procedure and the composition of the Tribunal was in accordance with the engagement agreement between Petitioner and Respondents. *See* ECF No. 3-1, Ex. A (Award), p. 2. Fifth, the Award is final and binding on the parties. Sixth, the subject matter of the arbitration—breach of payment obligations under a binding agreement—is subject to arbitration under the laws of District of Columbia and of the United States. *See Africard Co. Ltd. v. Republic of Niger*, 210 F. Supp. 3d 119, 127-28 (D.D.C. 2016) ("breach of contract . . . is surely capable of settlement by arbitration in the United States"). Finally, recognition and enforcement of the Award would not be contrary to the public policy of the United States; instead it would promote that public policy as it would assist with the enforcement of a valid, binding agreement. *See Sterling Merchant Fin. Ltd. v. Republic of Cabo Verde*, 261 F. Supp. 3d 48, 53 (D.D.C. 2017) (confirming the arbitration award ordering the respondent to pay a consulting firm for its management services).

13. Because none of the grounds for refusing to enforce the Award apply here, the Court should confirm it. "The party resisting confirmation 'bears the heavy burden of establishing that one of the grounds for denying confirmation in Article V applies.'" *Sterling Merchant*, 261 F. Supp. 3d at 53 (citation omitted). Here, Respondents have failed to mount any opposition whatsoever and have thus failed to meet their burden. Accordingly, Petitioner is entitled to confirmation of the Award.

**III.   DEFAULT JUDGMENT AGAINST RESPONDENTS IS PROPER BECAUSE THE CLERK HAS ENTERED A DEFAULT.**

14. The Court may enter a default judgement against a respondent upon the entry of a default by the Clerk. *See* Fed. R. Civ. P. 55(b)(2). Failure to appear and respond to a petition to confirm an arbitral award is sufficient ground for the entry of a default and, subsequently, a default judgment. *See, e.g.*, *Swiss Inst. of Bioinformatics v. Global Initiative on Sharing All Influenza*

*Data*, 49 F. Supp. 3d 92, 96-97 (D.D.C. 2014); *Sterling Merchant*, 261 F. Supp. 3d at 53 (D.D.C. 2017); *Energoinvest DD v. Democratic Republic of Congo*, 355 F. Supp. 2d 9, 12 (D.D.C. 2004).

15. Respondents received the Petition and accompanying documents by email on July 3, 2019 and by Federal Express on July 8, 2019. ECF No. 12-1. Nevertheless, Respondents failed to enter an appearance or respond in any way to the Petition. Consequently, the Clerk of the Court, at Petitioner's request, entered a default on December 29, 2020. ECF No. 15. This Court should therefore enter default judgment against Respondents.

IV. **PETITIONER IS ENTITLED UNDER THE REASONABLE ATTORNEY'S FEES AND EXPENSES INCURRED IN THE PROSECUTION OF THIS ACTION.**

16. It is well-settled that "a party seeking to confirm a foreign arbitral award under the New York Convention may recover reasonable attorneys' fees and costs, at least where the respondent unjustifiably refused to abide by the arbitral award." *Swiss Inst. of Bioinformatics*, 49 F. Supp. 3d at 98 (collecting cases); *see also Konoike Constr. Co. Ltd. v. Ministry of Works, Tanzania*, 2019 WL 1082337, at *4 (D.D.C. Mar. 7, 2019).

17. Here, Petitioner has shown that Respondents have unjustifiably refused to abide by the Award. Respondents were first made aware of the Award on December 3, 2018. ECF No. 1 at p. 2. And yet to date, Respondents have ignored all communications from Petitioner in relation to the Award and they have not paid Petitioner any of the amounts they owe. Declaration of David M. Orta, dated February 1, 2021 ("Orta Declaration"), at ¶ 3. Nor have Respondents entered an appearance or answered the Petition. *See Concesionaria Dominicana de Autopistas y Carreteras, S.A. v. Dominican State*, 926 F. Supp. 2d 1, 3 (D.D.C. 2013) (awarding attorney's fees and costs after award confirmation because the respondent "obstinately refused to participate" in the litigation, even after the petitioner went "above and beyond its obligations by serving the [respondent] with almost all of the relevant filings in this case").

18. As noted, Petitioner also served Respondents with its Petition to Confirm Arbitration Award and its request for the Clerk to enter a Default. ECF Nos. 12 and 14-1. Though Petitioner took every step to give Respondents notice, Respondents have expressed no willingness to participate in the litigation and have ignored it entirely. They also have made no efforts to pay any portion of the Award to Petitioner. Orta Declaration ¶ 3. Accordingly, Petitioner has had to expend additional legal costs and time to obtain the judgment and is entitled to recover attorney's fees and costs incurred in the prosecution of this action.

19. To date, Petitioner has incurred $126,110.03 in attorneys' fees and costs prosecuting this Petition. *See* Orta Declaration ¶¶ 6, 10, 12.

## V.     PETITIONER IS ENTITLED TO POST-JUDGMENT INTEREST.

20. Though neither the New York Convention nor the Federal Arbitration Act provides specific guidance regarding post-judgment interest, the courts in this District have routinely ordered post-judgment interest when confirming arbitration awards by default judgments. *Swiss Inst. of Bioinformatics*, 49 F. Supp. 3d at 99; *Mediso Med. Equip. Developing Servs., Ltd. v. Bioscan, Inc.*, 75 F. Supp. 3d 359, 365 (D.D.C. 2014); *Global Distressed Alpha Fund I LP v. Red Sea Flour Mills Co. Ltd.*, 725 F. Supp. 2d 198, 203 (D.D.C. 2010). Therefore, Petitioner is also entitled to post-judgment interest at the rate set forth in 28 U.S.C. § 1961. The applicable rate of post-judgment interest is the weekly average 1-year constant maturity (nominal) Treasury yield, as published by the Federal Reserve System, and it shall accrue from the date the Court enters a default judgment until Respondents pay the judgment in full.

## CONCLUSION

21. For the foregoing reasons, Petitioner respectfully requests that the Court enter a default judgment against Respondents under Federal Rule of Civil Procedure 55(b)(2) and confirm the Award in its full amount, plus post-judgment interest, and the costs of this proceeding.

WHEREFORE, Petitioner respectfully request that the Court enter an order:

a. Confirming the Award as a judgment of this Court, pursuant to 9 U.S.C. § 207 and Article III of the New York Convention;

b. Entering a default judgment in favor of Petitioner and against each of the Respondents, jointly and severally, in the amount of the full value of the Award, i.e., (i) damages awarded by the Tribunal in the amount of $12,772,527.53; (ii) legal fees and costs associated with the Arbitration and awarded by the Tribunal, in the amount of $478,073.60; (iii) ongoing pre-judgment interest at a rate of 7.5% compounded annually as provided by the Tribunal pursuant to Section IV.A of the Award accruing through the date of this Court's judgment; and (iv) post-judgment interest set at the date of judgment, pursuant to 28 U.S.C. § 1961, accruing thereafter through the date of complete payment of the full amount of the judgment plus all accrued interest;

c. Ordering Respondents to pay the costs of this proceeding to confirm the Award and to obtain a default judgment in the amount of $126,110.03; and

d. Granting any other relief that this Court, in the interests of justice, deems necessary and proper.

Dated: February 19, 2021

        /s/ Meghan McCaffrey
        Meghan McCaffrey (#993442)

        /s/ Julianne Jaquith
        Julianne Jaquith (*pro hac vice*)
        David M. Orta (*pro hac vice*)

        QUINN EMANUEL URQUHART & SULLIVAN, LLP
        1300 I Street NW, Suite 900
        Washington, District of Columbia 20005-3314
        (202) 538-8000
        meghanmccaffrey@quinnemanuel.com
        davidorta@quinnemanuel.com
        juliannejaquith@quinnemanuel.com

        *Attorneys for Petitioner Quinn Emanuel Urquhart & Sullivan, LLP*

**Certificate of Service**

I hereby certify that Petitioner Quinn Emanuel Urquhart & Sullivan, LLP's Motion For Default Judgment and Confirmation of Arbitration Award was served on Respondents today, February 19, 2021 at the following e-mail and physical addresses:

Mukund Choudhary – mukund@clcindia.com
Ranjan Mangtani – mangtani@clcindia.com
Shanker Kumar Karjee – karjee@clcindia.com

CLC Industries Limited (formerly known as Spentex Industries Limited)
Spentex Netherlands B.V.
A-60, Okhla Industrial Area
Phase-II, New Delhi–110 020 (India)

　　　　　　　　　　　　　　　　　　　　　　　__/s/ Julianne Jaquith_____
　　　　　　　　　　　　　　　　　　　　　　　　　　Julianne Jaquith